UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| EBER ALEXANDER ROLDAN VILLALTA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. 6:26-CV-222-H |

**ORDER**

Eber Alexander Roldan Villalta entered the United States illegally ten years ago. At that time, ICE detained Roldan Villalta and issued him a Notice to Appear, charging Roldan Villalta with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 8 at 2; *see* 8 U.S.C. § 1182(a)(6)(A)(i). In April 2026, ICE placed Roldan Villalta back into custody for the pendency of his removal proceedings. Dkt. No. 1 at 4. He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 8 at 2–3. Before the Court is Roldan Villalta's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA and the Fifth Amendment. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Roldan Villalta's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that aliens present in the United States who have not been admitted or who arrive in the United States are subject to

mandatory detention under Section 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026).

- The en banc Fifth Circuit has foreclosed the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Vergara*, ___ F.4th ___, ___, 2026 WL 3181188, at *14 (5th Cir. Oct. 23, 2026) (en banc).

Roldan Villalta's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. So the Court denies the petition. Dkt. No. 1.

Finally, the Court notes that when Roldan Villalta filed his petition, he was detained at Eden Detention Center in Concho County, Texas, in this Division of the Northern District of Texas. *See* Dkt. No. 1 at 2. However, the ICE Online Detainee Locator System indicates Roldan Villalta has since been transferred to Rio Grande Processing Center in Laredo, Texas, which is located in the Laredo Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(3). But this Court retains jurisdiction because "[j]urisdiction attached on [the] initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

So ordered on November 19, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE